SARAH DE DIEGO (SBN 239321)
DE DIEGO LAW
1223 Wilshire Blvd., #148
Santa Monica, CA 90403
Telephone: 310.980.8116
Facsimile: 866.774.7817
Email: sarah@dediegolaw.net

Attorney for Defendant
Union Square Media Group, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:17-BK-10900-ER |
| BLUE GLOBAL, LLC, | Chapter 7 |
| Debtor and Debtor in Possession. | Adversary Case No. 2:17-ap-01444-ER |
| | **ANSWER TO COMPLAINT FOR: (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§547(B), 550(A), AND 551]; AND (2) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. §502(D)]** |
| TIMOTHY J. YOO, CH. 7 TRUSTEE, | |
| Plaintiff, | |
| v. | |
| GLOBAL AGORA DBA UNION SQUARE, | |
| Defendant. | |

15223048.2
226737-10001

ANSWER TO COMPLAINT

Defendant Union Square Media Group, LLC, fka Global Agora, LLC, answers the complaint as follows:

1. Defendant admits the allegation contained in paragraph 1.

2. Defendant admits the allegation contained in paragraph 2.

3. Defendant admits the allegation contained in paragraph 3.

4. Defendant admits the allegation contained in paragraph 4.

5. Defendant lacks information sufficient to admit or deny the allegation in paragraph 5 and denies on that basis.

6. Defendant lacks information sufficient to admit or deny the allegation in paragraph 6 and denies on that basis.

7. Defendant admits that the Union Square Media Group, LLC was a creditor ninety days prior to January 25, 2017.

8. Defendant admits the allegation contained in paragraph 8.

9. Defendant lacks information sufficient to admit or deny the allegation in paragraph 9 and denies on that basis.

10. Defendant admits the allegations in paragraph 10, and further alleges that such payments were made in the ordinary course of business as further alleged below.

11. Defendant admits that it performed services in advance of payment by debtor, denies the Transfers were payments on account of antecedent debt, and further alleges that such payments were made in the ordinary course of business as further alleged below.

12. Defendant lacks information sufficient to admit or deny the allegations in paragraph 12 and denies on that basis.

### FIRST CLAIM FOR RELIEF

13. Defendant incorporates the preceding allegations in response to paragraph 13 of the complaint.

14. Defendant admits the allegations in paragraph 14, and further alleges that such payments were made in the ordinary course of business as further alleged below.

15. Defendant admits that defendant provided services in advance of payment by debtor and was a creditor of debtor.

16. Defendant denies the payments were for antecedent debt and also alleges that such payments were made in the ordinary course of business as further alleged below.

17. Defendant lacks information sufficient to admit or deny the allegation in paragraph 17 and denies on that basis.

18. Defendant lacks information sufficient to admit or deny the allegation under paragraph 18(a) and denies on that basis. Defendant admits that it received more money as a result of the payments alleged in paragraph 18(b) than defendant would have received if no payments were made, and to the extent more is alleged, denies such allegation(s). Defendant denies the allegation contained in paragraph 18(c).

19. Defendant admits the allegation(s) in paragraph 19.

20. Defendant denies paragraph 20 of the complaint.

21. Defendant denies paragraph 21 of the complaint.

**SECOND CLAIM FOR RELIEF**

22. Defendant incorporates the preceding allegations in response to paragraph 22 of the complaint.

23. Defendant admits that it received the Transfers directly from debtor, and, to the extent any additional allegations are pled, denies such allegations.

24. Defendant denies the allegation contained in paragraph 24.

25. Defendant denies the allegation contained in paragraph 25.

26. Defendant denies the allegation contained in paragraph 26.

**THIRD CLAIM FOR RELIEF**

27. Defendant incorporates the preceding allegations in response to paragraph 27 of the complaint.

28. Defendant denies the allegation contained in paragraph 28.

29. Defendant admits that it has not returned the alleged sum(s) to plaintiff, but denies it has any obligation to do so.

30. Defendant denies the allegation contained in paragraph 30.

## **AFFIRMATIVE DEFENSES**

31. The assertion of any affirmative defense is without any admission that such allegation shifts the burden of proof.

## **FIRST AFFIRMATIVE DEFENSE**
### **(No claim for relief)**

32. Plaintiff cannot avoid or recover the alleged Transfers because the complaint fails to state a claim upon which relief could be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Ordinary course of business)**

33. Plaintiff cannot avoid or recover the alleged Transfers because the Transfers were made in the ordinary course of business under Section 547(c)(2).   The Transfers were (a) made in the ordinary course of business or financial affairs of the debtor and defendant; and/or (b) made according to ordinary business terms; and/or (c) otherwise protected from avoidance under Section 547(c)(2).

## **THIRD AFFIRMATIVE DEFENSE**
### **(Subsequent new value)**

34. Plaintiff cannot avoid or recover the alleged Transfers because defendant provided new value to or for the benefit of the debtor (a) not secured by an otherwise unavoidable security interest, and (b) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of the defendant.

## **RESERVATION OF DEFENSES**

35. Defendant expressly reserves, and do not waive, any additional affirmative defenses that may be disclosed or become apparent during discovery and further investigation of the relevant facts in this matter.

///

///

///

Case 2:17-ap-01444-ER    Doc 12    Filed 10/13/17    Entered 10/13/17 18:23:09    Desc
Main Document    Page 5 of 6

## **CONCLUSION**

**WHEREFORE**, defendant prays that the Court enter a judgment (a) in favor of defendant and against plaintiff, denying and dismissing plaintiff's claims with prejudice; (b) awarding defendant its costs incurred in this matter; and (c) granting such other and further relief as the Court may deem just and proper.

Dated:   October 13, 2017                    SARAH DE DIEGO


                                  By: */s/ Sarah de Diego*
                                      Sarah de Diego
                                      De Diego Law
                                      1223 Wilshire Blvd., #148
                                      Santa Monica, CA  90403

                                      *Attorney for Defendant*
                                      *Union Square Media Group, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., Suite 2200, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER TO COMPLAINT FOR:  (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§547(B), 550(A), AND 551]; AND (2) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. §502(D)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 13, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Sarah De Diego — sdediego77@hotmail.com
- Jeffrey S Kwon — jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- United States Trustee (LA) — ustpregion16.la.ecf@usdoj.gov
- Timothy Yoo (TR) — tjytrustee@lnbyb.com; tyoo@ecf.epiqsystems.com; tjy@trustesolutions.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 16, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By Personal Delivery
Honorable Ernest M. Robles
United States Bankruptcy Court, Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560 / Courtroom 1568
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 13, 2017 | | /s/ Tannette Gates |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                     **F 9013-3.1.PROOF.SERVICE**